ALEXANDER B. CVITAN (CSB 81746), and
MARSHA HAMASAKI (CSB 102720), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California  90010-2421
Telephone: (213) 386-3860
Facsimile: (2l3) 386-5583
E-Mails: alc@rac-law.com; marshah@rac-law.com

Attorneys for Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RIGOBERTO BOBADILLA, an individual doing business as BOBADILLA CONCRETE CUTTING,<br><br>　　　　　　Defendant. | CASE NUMBER<br><br>CV 10-00295 GW(JCx)<br><br>INTERLOCUTORY ORDER FOR ACCOUNTING<br><br>DATE: APRIL 19, 2010<br>TIME: 10:00 A.M.<br>PLACE: COURTROOM 3<br>　　　　312 N. Spring St.<br>　　　　Los Angeles, CA |

　　The Motion by Plaintiff for Interlocutory Order for Accounting came before this Court.  Upon consideration of the evidence and argument presented,

　　**IT IS FOUND THAT** default was entered by the clerk against Defendant, RIGOBERTO BOBADILLA, an individual doing business as BOBADILLA CONCRETE CUTTING ("EMPLOYER").  Plaintiff has established EMPLOYER'S obligation to submit to an audit of his books and records and, in order to ascertain the precise amount of

-1-

1  money damages due on behalf of the LABORERS HEALTH AND WELFARE
2  TRUST FUND FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS PENSION
3  TRUST FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS VACATION
4  TRUST FOR SOUTHERN CALIFORNIA, LABORERS TRAINING AND RE-TRAINING
5  TRUST FUND FOR SOUTHERN CALIFORNIA, FUND FOR CONSTRUCTION INDUSTRY
6  ADVANCEMENT, CENTER FOR CONTRACT COMPLIANCE and LABORERS CONTRACT
7  ADMINISTRATION TRUST FUND FOR SOUTHERN CALIFORNIA (hereinafter
8  referred to as "TRUST FUNDS"), if any, and pursuant to the Trust
9  Agreements of the TRUST FUNDS' collective bargaining agreement,
10 and the provisions of the Employee Retirement Income Security Act
11 (ERISA) § 502(A)(3), 29 U.S.C. § 1132(a)(3), it is necessary to
12 conduct an accounting in accordance with Fed. R. Civ. P.
13 55(b)(2)(A) and Local Rule 55-2.
14     **IT IS THEREFORE ORDERED** that within fifteen (15) days of
15 service of this Order by mail, EMPLOYER shall submit to an audit
16 of his books and records and cooperate in all respects therewith,
17 for the purpose of ascertaining the contributions due to the TRUST
18 FUNDS and the damages to the TRUST FUNDS for any failure to pay
19 such contributions.
20     **IT IS FURTHER ORDERED** that at the time of the audit that the
21 foregoing records shall be produced by EMPLOYER, his agents or
22 assigns and or persons acting on his behalf covering the time
23 period from October 2006 to the date of the audit, to the auditors
24 of TRUST FUNDS:
25         1.     All payroll and employee documents including,
26                but not limited to, EMPLOYER'S payroll
27                journals, employees earning records, certified
28                payrolls, payroll check books and stubs,

-2-

LA10CV00295GW-O.wpd

canceled payroll checks, payroll time cards, state and federal payroll tax returns, labor distribution journals, any other documents reflecting the number of hours which EMPLOYER'S employees worked, their names, social security numbers, addresses, job classifications and the projects on which the employees performed their work, and which reflect the work performed by EMPLOYER on his projects.

2. All EMPLOYER'S job files for each contract, project or job on which EMPLOYER worked, including all documents, agreements, and contracts between EMPLOYER and any general contractor, subcontractor, builder and/or developer, field records, job records, notices, project logs, supervisor's diaries or notes, employees diaries, memorandum, releases and any other documents which related to the supervision of EMPLOYER'S employees, the projects on which they performed their work, and which reflect the work performed by EMPLOYER on his projects.

3. All EMPLOYER'S documents related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices for all

```
                        contracts, projects or jobs on which EMPLOYER
                        worked.
           4.           All EMPLOYER'S bank statements for all
                        checking, savings and investment accounts.
           5.           All EMPLOYER'S documents related to cash
                        disbursements, including but not limited to,
                        vendors' invoices, cash disbursement journal,
                        accounts payable journals, check registers,
                        and all other documents which indicate cash
                        disbursements.
```

   **UPON COMPLETION OF THE AUDIT,** Plaintiff shall file a motion with this Court and set a hearing for review and auditor's report and determine the amount of damages owing to the TRUST FUNDS for entry of a final judgment in default against EMPLOYER.

   **THE FAILURE OF EMPLOYER TO COMPLY WITH THIS ORDER MAY BE GROUNDS FOR CONTEMPT OF COURT.**

DATED: April 19, 2010

_____
GEORGE H. WU, Judge of the
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Submitted By:

ALEXANDER B. CVITAN, and
MARSHA M. HAMASAKI, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation

By:_____/s/_____
     MARSHA M. HAMASAKI
     Attorneys for Plaintiff

-4-

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 3550 Wilshire Boulevard, Suite 2000, Los Angeles, California 90010.

   On **April 20, 2010**, I served the foregoing document described as **[PROPOSED] INTERLOCUTORY ORDER FOR ACCOUNTING** on the interested parties in this action by placing

   ☐ the original     ☒ a true copy thereof

enclosed in a sealed envelope addressed as follows:

**Roberto Bobadilla**
**BOBADILLA CONCRETE CUTTING**
**8027 Howe Street**
**Paramount, CA 90723**

☒   (By Mail)  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   (By Personal Service)  I caused such envelope to be delivered by hand to the offices of the addressee.

☒   (Federal Court)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

   Executed on **April 20, 2010**, at Los Angeles, California.

                                    /s/
                              Virginia Alvarez